**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE HAWKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-661** |
| **SEA SUPPORT VENTURES ET AL.** | **SECTION "H"** |

## <u>ORDER AND REASONS</u>

Before the Court are Defendants' Motion in Limine to Exclude Plaintiff's Safety Expert Mitchell S. Stoller (Doc. 31) and Plaintiff's Motion to Exclude Defendants' Experts John W. Theriot, Jonathan A. Stoltz, and Jason R. Schellhaas (Doc. 32); Motion to Exclude Defendants' Expert Robert E. Borison (Doc. 33); and Motion to Exclude Defendants' Expert Nancy R. Favaloro (Doc. 34). For the following reasons, the Motions are DENIED.

Plaintiff Willie Hawkins brings claims for personal injuries that he sustained while working as a seaman aboard Defendant M/V MISS ALINE for Defendant Sea Support Ventures, LLC. This matter is set for a bench trial on April 11, 2022.

The Motions before the Court seek to exclude expert testimony under Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v.*

*Merrell Dow Pharmaceuticals, Inc.*[1] The purpose of a *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury."[2] Because there is no jury demand in this case, the Court is the trier of fact. The Fifth Circuit has advised that "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[3] "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."[4]

Thus, because this is a bench trial, "the objectives of *Daubert*, upon which the instant Motion[s are] premised, are no longer implicated and the need for pre-trial rulings on the admissibility of evidence is significantly reduced."[5] Furthermore, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[6] Accordingly,

---

[1] 509 U.S. 579 (1998).

[2] Rushing v. Kansas City S. Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds) (citing *Daubert*, 509 U.S. at 590–93).

[3] Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).

[4] Deville v. Comar Marine Corp., No. 08-4104, 2009 WL 1870896, at *1 (E.D. La. June 25, 2009) (Barbier, J.) (internal quotations omitted) (quoting SmithKline Beecham Corp. v. Apotex Corp., 247 F. Supp. 2d 1011, 1042 (N.D.Ill. 2003)); *see also* Thompson v. Rowan Cos., No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (Barbier, J.); Taylor v. B&J Martin, Inc., No. 18-8941, 2020 WL 1067844, at *2 (E.D. La. Feb. 11, 2020) (Zainey, J.); Tucker v. United States, No. CV 18-4056-WBV-MBN, 2019 WL 4221070, at *2 (E.D. La. Sept. 5, 2019) (Vitter, J.); Stone v. United States, No. CV 15-382, 2017 WL 1927719, at *3 (E.D. La. May 9, 2017) (Morgan, J.).

[5] *Tucker*, 2019 WL 4221070, at *2.

[6] *Daubert*, 509 U.S. at 596.

all *Daubert* Motions are denied at this time, and the Court will rule on the parties' objections to experts as they are raised at trial.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Motions are **DENIED**.

New Orleans, Louisiana this 22nd day of March, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3